Mr. Justice Clayton
delivered the opinion of the court.
This is the same case reported in 8 S. & M. 643. The principal question now presented grows out of the admission of a letter in evidence, written by Grubbs, the defendant in the court below. It is insisted that it should have been excluded, on the ground that it was a mere offer to compromise. The letter bears date in February, 1842, and in it he states that, “ It appears that I am security for William in a note to you for $7,500.” He then said that he was old, infirm, without property, and unable to pay ; but that he had a son, who would pay for him in cotton at twelve cents per pound, in five years, without interest, provided a judgment should be obtained against him. This suit was then pending in the circuit court of Yazoo, with no other plea on file than the plea of non assumpsit. After the case came to this court, and was reversed, the plea of non est factum was filed in 1848. The letter contains an admission which it was right to permit to go to the jury, unless the offer of compromise was of a character to exclude it.
The courts of late, and especially in this county, have leaned against the exclusion of offers of compromise as testimony. 1 Greenl. Ev; 232, § 192, and notes. The overture in this instance was not stated to have been confidential, nor to be made without *445 prejudice. It was not an offer of a sum of money to buy peace in a controverted state of case. There was, at the time, no denial of the execution of the note in the pleadings. There was no treaty pending for a compromise, but it was a voluntary and unsolicited offer of the defendant. It evinced no willingness to submit to a sacrifice, or to make a concession, to terminate litigation. On the contrary, the offer was only to be considered obligatory, provided the plaintiff obtained a judgment. It was then but a proposition to obtain time, after the suit should have been terminated against him. The admission in the letter of a distinct fact, fell within none of the rules for the exclusion of propositions of compromise, and was properly permitted to go to the jury. 1 Greenl., as above.
With this testimony before them, the jury was fully authorized to find the verdict they rendered.
The judgment is affirmed.